UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
DAISY WORRELL ROSS, as Administrator of :
the Estate of ERNELL E. WORRELL, : **MEMORANDUM DECISION AND**
: **ORDER**
Petitioner, :
: 17-cv-05026 (AMD)
– against – :
:
NANCY A. BERRYHILL, :
Acting Commissioner of Social Security, :
:
Respondent. :
:
------------------------------------------------------------ X



**ANN M. DONNELLY**, United States District Judge:

The plaintiff brings this action as the administrator of the estate of Ernell E. Worrell, her sister and the claimant in the underlying matter. The plaintiff challenges the Social Security Commissioner's decision that the claimant's social security benefits were properly computed and distributed from March 1985 to December 1995. For the reasons discussed below, I conclude that the Administrative Law Judge's ("ALJ") decision was based upon correct legal standards and is supported by substantial evidence in the record. The Commissioner's motion for judgment on the pleadings is granted and the case is dismissed.

The claimant was a disabled woman who received Social Security Income ("SSI") benefits beginning in 1973, Title II survivor's benefits beginning in 1985, and Disabled Adult Child ("DAC") benefits beginning in 1995. (Tr. 167.) The claimant passed away on May 8, 2013. (*Id.*) The plaintiff is the claimant's sister and was the payee on the claimant's benefits while the claimant was still alive. (*Id.*) In 2008, the plaintiff sought reimbursement for Medicare premiums deducted from the benefits paid to the claimant between 1987 and 1995.

1

(Tr. 45.) A fair hearing was held on June 6, 2008, and the Office of Administrative Hearings ("OAH") held that the deductions were proper. (*Id.*) The plaintiff requested a review by the SSA and in July 2009, the SSA determined that the claimant's benefits amount was accurate. (Tr. 51-52.) The plaintiff asked for a second review and in December 2009, the SSA affirmed the decision. (Tr. 53.) The plaintiff then requested a hearing by an ALJ, which was held on November 15, 2010. (Tr. 16, 167.)

At the hearing, the plaintiff appeared *pro se* as the claimant's representative, and argued that between 1987 and 1995, the claimant was entitled to an additional $16,000 from the SSA. (Tr. 100-10.) ALJ Chu issued a decision on November 22, 2010, ruling that the SSA calculated the claimant's benefit amount accurately and distributed the appropriate payments. (Tr. 17-19.) On May 21, 2012, the Appeals Council denied the plaintiff's request for review. (Tr. 167-68.) On July 6, 2012, the claimant commenced a civil action against the Commissioner of the SSA in this Court before the Honorable Eric Vitaliano.[1] (Tr. 167-68, 262.) On June 4, 2014, Judge Vitaliano remanded the case for rehearing, based on the Commissioner's concession that the administrative record was incomplete and because ALJ Chu did not explain why the 2009 SSA determination was correct. (Tr. 264-65.)

On July 22, 2016, ALJ Jason Miller held a hearing at which the plaintiff represented herself. (Tr. 168.) In a decision dated August 10, 2016, ALJ Miller found that the claimant's benefits and offset amounts were accurately computed, the claimant was properly paid and the claimant was not entitled to additional payments. (Tr. 171.) The Appeals Council denied the plaintiff's request for review, making ALJ Miller's decision the final decision of the

---

[1] Judge Vitaliano granted the plaintiff's motion to substitute herself as plaintiff on May 13, 2013. (Tr. 262-65.)

Commissioner. (Tr. 108-10.) The plaintiff commenced this action on August 22, 2017, and the Commissioner moved for a judgment on the pleadings on April 10, 2018. (ECF Nos. 1, 13.)

## DISCUSSION

A district court reviewing the Commissioner's final decision is limited to determining "whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quoting *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009)). The Court must uphold the Commissioner's factual findings if there is substantial evidence in the record to support them. 42 U.S.C. § 405(g). "Substantial evidence is 'more than a mere scintilla' and 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). The district court may not substitute its own judgment for the ALJ's, "even if it might justifiably have reached a different result upon a *de novo* review." *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991) (internal citation omitted). Once the ALJ makes factual findings, the district court can reject those findings only if a reasonable factfinder "would have to conclude otherwise." *Brault v. Social Security Administration, Commissioner*, 683 F.3d 443, 448 (2d Cir. 2012) (internal citation omitted).

3

The plaintiff makes two arguments: first, she contends that the Commissioner improperly withheld benefit amounts from March 1985 through December 1995.[2] Second, she says that premiums should not have been deducted from the claimant's benefit amount because the claimant was a Qualified Medicare Beneficiary ("QMB") under the New York State Medicare Savings Program.[3] (ECF No. 1 at 3-5.) I reject both claims.

The ALJ's determination that the claimant's social security benefits amount was accurately computed is supported by substantial evidence. ALJ Miller explained in detail why the claimant was not entitled to the retroactive Title II DAC insurance benefit amount of $52,722.00 under 20 C.F.R. 404.408(b). (Tr. 168-71.) He also based his finding on a Notice of Reconsideration that the SSA sent on December 12, 2009, which detailed the claimant's entitlement to Title II DAC benefits during the relevant time period. (Tr. 62, 169.) Relying on the December 2009 Notice of Reconsideration and additional letters the SSA sent to the claimant, ALJ Miller found that of the $52,722.00 in insurance benefits that the claimant was retroactively entitled to, the SSA withheld $42,258.00 because the claimant received SSI payments during the same period. (Tr. 169-71.) The ALJ found that the SSA had already paid the claimant the remaining benefit balance of $10,464.00 and the claimant had maximized her entitlement to benefits. (Tr. 169.)

The plaintiff was also on notice that the claimant's benefits would be reduced by the amount of SSI payments the claimant received. On February 11, 1995, when the SSA informed the plaintiff that the claimant was entitled to retroactive DAC insurance benefits, the SSA also

---

[2] As ALJ Miller noted, the plaintiff has made various claims about the amount the SSA owes her. (Tr. 170.) It appears that the plaintiff now seeks $60,436.80 in outstanding Title II DAC insurance benefits. (ECF No. 1 at 5.)
[3] The plaintiff alleges that the SSA should not have deducted Medicare premiums from the claimant's benefit amounts during the period of March 1987 to January 1995. The plaintiff also alleges that in 2000, 2007, 2011, and 2012, the SSA improperly deducted Medicare premiums, as evidenced by the claimant's Form SSA-1099 Social Security Benefit Statements from those years. (ECF No. 1 at 3-5.)

4

explicitly advised the plaintiff that those benefits might be reduced if the claimant also received SSI payments during the same period. (Tr. 246.) The SSA informed the claimant in subsequent notices that certain amounts would be withheld from the claimant's SS benefits because of the SSI money paid during the same period of time. (Tr. 248, 251.)

The ALJ's decision that Medicare premiums were properly taken from the claimant's social security benefits is also supported by substantial evidence in the record. As the SSA explained in an October 22, 1995 letter to the claimant, Medicare premium deductions withheld from the claimant's benefits "may" be paid by the claimant's home state, New York. (Tr. 170, 268.) On December 19, 2008, after a hearing, the New York State Department of Health affirmed the OAH's decision that the claimant was not entitled to reimbursements from New York for the Medicare premiums deductions. (Tr. 44-46.) ALJ Miller explained to the plaintiff that she could only seek reimbursement from New York State and not the SSA, which is a federal program. (Tr. 170, 268.)

## CONCLUSION

Substantial evidence in the administrative record supports the ALJ's determination that the Commissioner correctly calculated the claimant's benefits amount, that Medicare premiums were properly deducted from the claimant's social security benefits, and that the plaintiff is not entitled to additional payments. Accordingly, the defendant's motion for judgment on the pleadings is granted, and the ALJ's decision is affirmed.

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
November 28, 2018